# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Bright Capture LLC,** | Case No. 6:22-cv-405 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Rydoo NV,** | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.    Plaintiff Bright Capture LLC ("Plaintiff"), through its attorneys, complains of Rydoo NV ("Defendant"), and alleges the following:

## PARTIES

2.    Plaintiff Bright Capture LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003, New York, NY 10001.

3.    Defendant Rydoo NV is a corporation organized and existing under the laws of Belgium that maintains an established place of business at Hendrik Consciencestraat 40/42 – 2800 Mechelen, Belgium.

## JURISDICTION

4.    This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because, on information and belief, it has engaged in systematic and continuous business activities in this District. As described below, on information and belief, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, on information and belief, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 10,049,410; 7,746,510; and 8,693,070 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '410 PATENT

9. The '410 Patent is entitled "Receipts scanner and financial organizer," and issued 2018-08-14. The application leading to the '410 Patent was filed on 2015-10-08. A true and correct copy of the '410 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '510 PATENT

10. The '510 Patent is entitled " Receipts scanner and financial organizer," and issued 2010-06-29. The application leading to the '510 Patent was filed on 2002-01-24. A true and

correct copy of the '510 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

### THE '070 PATENT

11. The '070 Patent is entitled " Receipts scanner and financial organizer," and issued 2014-04-08. The application leading to the '070 Patent was filed on 2013-01-17. A true and correct copy of the '070 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

### COUNT 1: INFRINGEMENT OF THE '410 PATENT

12. Plaintiff incorporates the above paragraphs herein by reference.

13. **Direct Infringement**. Defendant has directly infringed, literally or by the doctrine of equivalents, one or more claims of the '410 Patent (e.g., claim 1) in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in Exhibit 4 incorporated into this Count below (among the "Exemplary Defendant Products"), which includes charts comparing an exemplary '410 Patent claim to the Exemplary Defendant Products.

14. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

15. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 2: INFRINGEMENT OF THE '510 PATENT

16. Plaintiff incorporates the above paragraphs herein by reference.

17. **Actual Knowledge of Infringement**. Plaintiff provided notice to Defendant of the '510 patent and further provided a claim chart detailing Defendant's infringement thereof by

letter dated April 15, 2022, which was received by Defendant on April 19, 2022. Therefore, Defendant has had actual knowledge of infringement as alleged herein prior to the filing of this Complaint.

18. Despite such actual knowledge, on information and belief, Defendant has continued to provide at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '510 Patent. See Exhibit 5 (referencing these materials to demonstrate how Defendant induces end users to commit patent infringement).

19. **Induced Infringement**. At least since receiving notice of the '510 Patent and corresponding claim charts, on information and belief, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '510 Patent, literally or by the doctrine of equivalents, by providing Exemplary Defendant Products to their customers for use in end-user products and distributing product literature and website materials inducing end users and others to use their products in a manner that infringes one or more claims of the '510 Patent as set forth in Exhibit 5, which includes charts comparing exemplary '510 Patent claims (e.g., claim 11) to the Exemplary Defendant Products.

20. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

21. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 3: INFRINGEMENT OF THE '070 PATENT

22. Plaintiff incorporates the above paragraphs herein by reference.

23.     **Direct Infringement**. Defendant has directly infringed, literally or by the doctrine of equivalents, one or more claims of the '070 Patent (e.g., claim 1) in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in Exhibit 6 incorporated into this Count below (among the "Exemplary Defendant Products"), which includes charts comparing exemplary '070 Patent claims to the Exemplary Defendant Products.

24.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

25.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### JURY DEMAND

26.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that the '410 Patent is valid and enforceable

B.     A judgment that Defendant has infringed one or more claims of the '410 Patent;

C.     A judgment that the '510 Patent is valid and enforceable

D.     A judgment that Defendant has infringed one or more claims of the '510 Patent;

E.     A judgment that the '070 Patent is valid and enforceable

F.     A judgment that Defendant has infringed one or more claims of the '070 Patent;

G.     An accounting of all damages not presented at trial;

H.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's infringement, up until the date such judgment is entered with respect to the '410; '510; and '070 Patents, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

I.     And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

    i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii.     that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.     that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: April 21, 2022           Respectfully submitted,

/s/ Cortney Alexander
Cortney Alexander
Kent & Risley LLC
5755 North Point Pkwy STE 57
Alpharetta, GA 30022
404-855-3867
cortneyalexander@kentrisley.com

**Counsel for Plaintiff**